NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

KATHERINE SCHEIDELL, PETITIONER, v. H. BRADFORD RICHMOND, TRADING AS STRAND HOTEL, RESPOND-ENT.

The petition is filed by Katherine Scheidell, against H. Bradford Richmond, trading as Strand Hotel, engaged in the hotel business at Atlantic City, New Jersey, for compensation, burial expenses, &c., under the provisions of the Workmen's Compensation act of New Jersey, its amendments and supplements.

Said Katherine Scheidell was the wife of Frederick Scheidell, on February 27th, 1928, both living together, and she dependent upon said Frederick Scheidell for her maintenance. Said Frederick Scheidell was at that time and for several years previous, in the employ of the Strand Hotel, working as a painter. On or about February 27th, 1928, he was assigned by his employer to paint a bathroom in said hotel. Arriving at the place where he was to work at about two-thirty P. M., the said Frederick Scheidell started to paint said bathroom from a ladder at the window of said room. At about two-fifty P. M. a fellow worker entered the bathroom where the said Frederick Scheidell had been working and found him in front of the window in said room in an unconscious condition. A fellow worker, who had been with the said Frederick Scheidell, prior to his beginning the painting of the bathroom where he was found in this condition, they having been working together in the paint shop of the said hotel, testified that the said Frederick Scheidell was apparently in normal health. The petitioner's physician, who examined the said Frederick Scheidell, testified that in his

opinion the said Frederick Scheidell died as a result of an accident. Upon examining the said Frederick Scheidell, the doctor testified that he found a mark of violence on the temple, evidence of a blow at the base of the skull, together with bleeding at the ear, bruises along the spine and a lacerated heel. The doctor testified that it was his opinion that the said Frederick Scheidell met with an accident, taking into consideration the fact that the said decedent was apparently in normal health at the time he began to paint in the said bathroom. The said Frederick Scheidell did not again regain consciousness and as a result of the accident died on March 4th, 1928. Respondent employer had notice of the accident shortly after the happening of the same. The weekly wages of deceased were $20.77. Respondent contends that the decedent did not receive the injury which causd his death in an accident, but died from natural causes.

From the facts as they appeared in this case it is reasonable and warrantable to assume that an accident occurred to the petitioner's husband, and a comparison of the testimony given by Dr. John J. Riley and that of Dr. David Allman and Dr. James Mason, the two doctors who were produced by the respondent, indicates that to dismiss this claim, all of the testimony of the petitioner's medical witness must be discredited; whereas, if an award be given such determination will not be directly contrary to the testimony of the respondent's doctors in that their conclusions were based wholly upon hypothetical questions.

In addition to this, it was testified that the said decedent was in normal health prior to the happening of this accident throughout the morning and the dinner hour, and that twenty minutes after he resumed his work the decedent was found in an unconscious condition, all of which tends to establish the fact that some untoward event had occurred.

Therefore, I am of the opinion that the petitioner is entitled to receive compensation in accordance with the prayer of the petition.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

W. E. STUBBS,
*Deputy Commissioner.*